IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DEXTER O. KIRKLAND,** | : | |
| | : | |
| Petitioner | : | CIVIL NO. 1:CV-06-01447 |
| | : | |
| v. | : | (Judge Rambo) |
| | : | |
| **RAYMOND J. SABINA,** *et al.,* | : | |
| | : | |
| Respondents | : | |

# MEMORANDUM AND ORDER

## I. Background

Petitioner, Dexter Omar Kirkland, an inmate at the State Correctional Institution at Forest in Marienville, Pennsylvania, commenced this action with a *pro se* petition for a writ of habeas corpus filed pursuant to the provisions of 28 U.S.C. § 2254. (Doc. 10.)[1] Pending before the court is Petitioner's motion for

---

[1] In accordance with *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999), the court issued an order on August 17, 2006, advising Petitioner that he could: (1) have his petition ruled on as filed, or (2) withdraw his petition and file one, all-inclusive § 2254 petition within the one-year statute of limitations period prescribed by 28 U.S.C. § 2244(d). Petitioner responded by submitting a notice of election on September 28, 2006, in which he opted to withdraw his petition. (Doc. 6.) On that same date, Petitioner filed an amended petition for writ of habeas corpus. (Doc. 10.) The court issued an order on October 3, 2006, advising Petitioner again of his options for the filing of his petition. (Doc. 13.) Petitioner responded by submitting a notice of election on November 6, 2006, in which he opted to proceed on his petition as filed. (Doc. 14.) On November 9, 2006, an order to show cause was issued directing Respondents to answer the allegations in the petition. (Doc. 15.)

appointment of counsel. (Doc. 7.) For the reasons that follow, the motion will be denied.

## II.    Discussion

Although prisoners have no constitutional or statutory rights to appointment of counsel in federal habeas corpus proceedings, *Coleman v. Thompson*, 501 U.S. 722, 752 (1991), the court has broad discretionary power to appoint counsel to a financially eligible habeas petitioner if "the interests of justice so require . . . ." *See* 18 U.S.C. § 3006A(a)(2);[2] *see also Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002) (citing *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993)).

In *Tabron*, the Third Circuit Court of Appeals developed a list of criteria to aid the district courts in weighing the appointment of counsel for indigent civil litigants. As a threshold matter, a district court must assess whether the claimant's case has some arguable merit in fact and law. *Tabron*, 6 F.3d at 155. If a claimant overcomes this threshold hurdle, the Third Circuit identified a number of factors that a court should consider when assessing a claimant's request for counsel. These include (1) the claimant's ability to present his own case, (2) the difficulty of the particular legal issues, (3) the degree to which factual investigation will be necessary and the ability of the claimant to pursue investigation, (4) the claimant's

---

[2] Any person seeking relief under 28 U.S.C. §§ 2241, 2254, or 2255 may be provided counsel, "whenever the United States magistrate or the court determines that the interests of justice so require" and such person is "financially eligible." 18 U.S.C. § 3006A(a)(2) (1996).

capacity to retain counsel on his own behalf, (5) the extent to which the case is likely to turn on credibility determinations, and (6) whether the case will require testimony from expert witnesses. *Id*. at 155-157.  Furthermore, the appointment of counsel for an indigent litigant should be made when circumstances indicate "the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguable meritorious case." *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984).

Here, Petitioner's motion fails to set forth sufficient circumstances to warrant appointment of counsel.  Assuming, solely for the purpose of deciding the motion, that Petitioner's complaint has arguable merit, Petitioner has not demonstrated that he is incapable of presenting comprehensible arguments.  The petition and memorandum of law in support are legibly written, Petitioner presented understandable arguments in support of relief, he has cited ostensibly relevant judicial authority, and investigation of facts does not seem beyond the capabilities of this Petitioner.  Moreover, the legal issues are relatively uncomplicated, it appears that there will be no need for expert testimony, the case is not likely to turn on credibility determinations, and the court cannot say, at least at this point, that Petitioner will suffer prejudice if he is forced to prosecute this

3

case on his own.  Furthermore, this court's liberal construction of *pro se* pleadings mitigates against the appointment of counsel.  *Haines v. Kerner*, 404 U.S. 519 (1972).  Ultimately, the court does not see circumstances which would warrant appointment of counsel to Petitioner.

**IT IS THEREFORE ORDERED THAT** Petitioner's motion for appointment of counsel (Doc. 7) is **DENIED**.  In the event, however, that future proceedings demonstrate the need for counsel, the matter may be reconsidered either by the court on its own initiative or upon a motion properly filed by Petitioner.

s/Sylvia H. Rambo  
SYLVIA H. RAMBO  
United States District Judge

Dated:  December 1, 2006.